KIDWELL, Justice Pro-Tem,
dissenting.
The right to counsel is one of the foundations of the legal system and our form of government. In this case the majority opinion and the record makes it clear that Irwin Ryan Ray Adams did not receive effective assistance of public defender counsel from the trial and up through the judicial system. No counsel followed up on the accident reconstruction expert that had initially been retained. The record clearly indicates that this competent expert was willing to assist, but Mr. Adams’s counsel did not follow through. Then the Rule 35 counsel did not pursue the matter. Then all of the appellate public defenders argued in cursory briefs and to this Court that Mr. Adams’s expert would not have made any difference to the jury. Public defenders are for defendants, not to protect lower court public defenders.
Because of the fact that the expert reconstruction expert for Mr. Adams was not even pursued or presented, the jury heard only the State’s expert. The experts differed in estimated speed by at least 30 mph. Whether this would have influenced the jury to find Mr. Adams guilty of the lesser crime of misdemeanor vehicular manslaughter rather than felony vehicular manslaughter (gross negligence) is unknown, but Mr. Adams should have had that testimony heard by the jury.
Because Mr. Adams did not receive effective assistance of counsel this case should be remanded for a new trial.